J-S36007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL ROSA | |
| Appellant | No. 922 MDA 2015 |

Appeal from the Order Entered May 8, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001564-2011

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MAY 05, 2016**

Appellant, Angel Rosa, appeals *pro se* from the May 8, 2015 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On April 25, 2012, the trial court sentenced Appellant to an aggregate sentence of 27 to 55 years' imprisonment, after Appellant entered an open guilty plea to one count each of attempted murder, possession of a firearm prohibited, and two counts of receiving stolen property and aggravated

_____

[*] Former Justice specially assigned to the Superior Court.

assault.[1]  Appellant did not file a post-sentence motion with the trial court, nor a direct appeal with this Court.  As a result, Appellant's judgment of sentence became final on May 25, 2012, when the filing period for a notice of appeal to this Court expired.  ***See generally*** 42 Pa.C.S.A. § 9543(b)(3); Pa.R.A.P. 903(c)(3).  Appellant filed the instant petition on April 2, 2015; therefore, it was facially untimely.[2]  ***See generally*** 42 Pa.C.S.A. § 9543(b)(1).

We have reviewed Appellant's opening brief as well as his supplemental brief.  Nowhere in either filing does Appellant argue that any of the enumerated time-bar exceptions applies.  ***See generally id.*** § 9545(b)(1).  As this Court has often stated, "[t]he petitioner has the burden to plead in the petition and subsequently to prove that an exception

---

[1] 18 Pa.C.S.A. §§ 901(a), 6105(a)(1), 3925(a), 2702(a)(1), and 2702(a)(4), respectively.

[2] We note Appellant timely filed his first PCRA petition on May 14, 2012.  The PCRA court appointed counsel who filed an amended petition on June 24, 2013.  The PCRA court dismissed said petition on October 30, 2013 after a hearing.  This Court affirmed on August 20, 2014, and our Supreme Court denied *allocatur* on December 31, 2014.  ***Commonwealth v. Rosa***, 106 A.3d 168 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 106 A.3d 725 (Pa. 2014).

Furthermore, we note that although Appellant's second PCRA petition was file-stamped on April 6, 2015, the certified record contains the envelope Appellant used to mail the same, which is postmarked April 2, 2015.  Thus, under the prisoner mailbox rule, we deem Appellant's second PCRA petition filed on April 2, 2015.  ***See generally Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).

applies." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008); **accord Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013). Therefore, the PCRA court lacked jurisdiction to consider the merits of Appellant's petition.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely filed. Accordingly, the PCRA court's May 8, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016