J-S08025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                          :               PENNSYLVANIA
                          :
           v.                  :
                          :
                          :
TYHIR KHALIL WATERS         :
                          :
          Appellant     :    No. 1159 MDA 2021

Appeal from the PCRA Order Entered August 7, 2021
In the Court of Common Pleas of Tioga County Criminal Division at
No(s):  CP-59-CR-0000305-2019

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED:  JUNE 28, 2022**

Appellant Tyhir Khalil Waters appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends that his counsel at his sentencing hearing (sentencing counsel) was ineffective for failing to object to the sentencing court's incorrect description of the firearm Appellant possessed, and the failure to correct the court's misapprehension caused the sentencing court to impose a longer sentence.  We affirm.

The record reflects that Appellant entered an open guilty plea to one count of persons not to possess firearms,[2] graded as a first-degree felony.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6105(a)(1).

N.T., 5/29/20, at 1-2.[3]  On May 29, 2020, the trial court sentenced Appellant to term of sixty to 120 months of incarceration with 365 days of credit for time served.  *Id.* at 33.  Appellant did not file a post-sentence motion or direct appeal.

On February 25, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and Appellant filed a counseled amended PCRA petition on April 29, 2021.  In the amended petition, Appellant asserted that at the sentencing hearing, the sentencing court and the district attorney referred to the rifle as an "automatic rifle."[4]  Am. PCRA Pet., 4/29/21, at 2-4. Following a hearing, the PCRA court concluded that the errant reference to the rifle was harmless error, and therefore, Appellant failed to establish that sentencing counsel was ineffective.  Order, 8/7/21.[5]  Accordingly, the PCRA

---

[3] The affidavit of probable cause indicates that Appellant was one of several individuals engaged in an altercation at a convenience store.  The individuals fled the scene in two separate cars and police pursued them.  The police stopped both cars.  Appellant was the front seat passenger of one car that was occupied by four individuals.  When the car was stopped, the attesting officer saw a rifle next to Appellant, leaning against the console beside him, and a loaded magazine was found in between the seat and console where Appellant was sitting.  A witness told police that the front seat passenger pointed what the witness thought was a BB gun at the other vehicle.  Aff. of Probable Cause, 6/6/19, at 1-3.

[4] The trial court said "automatic rifle" twice, and the district attorney used the term once.  N.T., 5/29/20 at 6, 12.

[5] Although the order was dated August 6, 2021, the trial court docket reflects that the order was not served on the parties until August 7, 2021.  Criminal Docket Entries, at 12.  The date of entry of an order is "the day the clerk of the court . . . mails or delivers copies of the order to the parties, . . . ."
*(Footnote Continued Next Page)*

court denied Appellant's petition. *Id.* Appellant filed a timely notice of appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the PCRA court err when it concluded that the sentencing court's repeated and inaccurate mischaracterization of an AR-15 as an automatic rifle was a harmless error, even though the sentencing court specifically referenced the nature of the weapon as weighing against mitigation, and the sentencing court may have imposed a harsher sentence based on a mistaken belief that [Appellant] possessed a far more dangerous and unusual weapon than was in fact the case?

Appellant's Brief at 4 (formatting altered).[6] Appellant contends that sentencing counsel's failure to object to the sentencing court's misapprehension regarding the type of rifle and erroneous description constituted ineffective assistance of counsel. *Id.* at 9-12. Appellant asserts that the trial court "appears to have been under a misapprehension regarding a fact directly relevant to the seriousness of the crime, and sentencing counsel

---

Pa.R.A.P. 108(a)(1), (d)(1). Accordingly, we refer to the order using August 7, 2021.

[6] Although Appellant argues ineffectiveness in his appellate brief, his Rule 1925(b) statement and question presented in his brief is a bare assertion that the PCRA erred in concluding that the sentencing court's reference to Appellant's firearm was harmless error. We note that relief is statutorily limited under the PCRA, and a vague Rule 1925(b) statement may result in waiver. *See, e.g.*, *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (noting that challenges to the discretionary aspects of sentencing are not cognizable under the PCRA); *see also Commonwealth v. Pukowsky*, 147 A.3d 1229, 1236 (Pa. Super. 2016) (explaining that a vague Rule 1925(b) statement may result in waiver). However, Appellant's imprecise Rule 1925(b) statement does not preclude our review, and we decline to find waiver.

failed to correct such misapprehension." ***Id.*** at 9. Appellant points out that the sentencing judge said: ". . . apparently these were pretty substantial firearms; AR, I believe that means automatic rifle." ***Id.*** at 10 (quoting N.T., 5/29/20, at 6). Appellant notes that the sentencing court continued:

> . . . that unnerves me because you're - what you're saying to me is, I've got a young man here that is on drugs to the point that he doesn't know [what] he is doing, but he's in possession or access of automatic rifles. That, that, that takes me to, that takes me to a land I don't want to go to.

Appellant's Brief at 10 (quoting N.T., 5/29/20, at 6).

The Commonwealth argues that whether Appellant was in possession of an automatic rifle as opposed to a semi-automatic rifle did not impact the sentence, and any error was harmless. Commonwealth Brief at 8-10. The Commonwealth points out that there were only passing references to the type of firearm. ***Id.*** at 8. Whether the rifle Appellant pled guilty to possessing was automatic or semi-automatic had no impact on the sentence imposed. ***Id.*** at 8-10.

> We begin our discussion by setting forth our standard of review:
>
> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered). Additionally:

[a] defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. [*Commonwealth v.*] *Pierce*, 527 A.2d [973,] 977 [(Pa. 1987)]. This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The

harmless error standard, as set forth by this Court in **Commonwealth v. Story**, 383 A.2d 155, 164 (Pa. 1978), states that whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless. This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the **Pierce** prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel. **Pierce**, **supra**.

**Commonwealth v. Spotz**, 84 A.3d 294, 315 (Pa. 2014) (quoting **Commonwealth v. Gribble**, 863 A.2d 455, 472 (Pa. 2004)) (some formatting altered).

Our review reflects that the PCRA court conceded that the sentencing court erroneously used the term automatic rifle. Supp. PCRA Ct. Op., 10/25/21, at 1. However, the PCRA court concluded that the error was harmless. **Id.** The PCRA court explained that it was Appellant's active role in picking up the firearm, not the "firing capacity or dangerousness" of the rifle that prevented the sentencing court from imposing a lesser sentence. **Id.** at 1-2. Therefore, the PCRA court found that Appellant failed to establish a claim of ineffective assistance of counsel. **Id.** at 2.

After review, we note that aside from Appellant's argument, there is no indication that the description or type of firearm that Appellant possessed had any impact on the sentence imposed. The record reveals that at the start of

the sentencing hearing, the sentencing court informed Appellant that the offense gravity score (OGS) was eleven and Appellant's prior record score (PRS) was four. N.T., 5/29/20, at 3. The sentencing court explained that Appellant was pleading guilty to a first-degree felony charge. *Id.* The sentencing court then explained that the grade of the offense, in combination with the OGS and Appellant's PRS, resulted in a minimum sentence of between sixty and seventy-eight months under the Sentencing Guidelines. *Id.* The sentencing court clarified that when Appellant picked up the firearm, he was not a passive passenger in a car with firearms, he became an active participant, and that fact "extinguishes or goes to extinguish . . . mitigation that [the sentencing court] might have been willing to give him." *Id.* at 16. Ultimately, the sentencing court imposed a sentence with a minimum of sixty months and a maximum of 120 months of incarceration, which is at the lowest end of the standard range of the Sentencing Guidelines. *See* N.T., 5/29/20, at 33; *see also* 204 Pa.Code § 303.16(a) (Basic Sentencing Matrix).[7]

The record reflects the extensive discussion about the standard-range sentence before sentence was imposed. N.T., 5/29/20, at 26. The sentencing court explained that Appellant's first-degree felony charge, in conjunction with Appellant's PRS, formed the basis for imposing the sentence of sixty months, which is the low end of the standard sentencing range. *Id.* The sentencing

_____

[7] Indeed, a sentence of seventy-eight to 156 months would have been a standard-range sentence. *See* 204 Pa.Code § 303.16(a).

court detailed that the grading of the offense impacted the standard-range sentence, and if Appellant had been charged with a second-degree felony or a third-degree felony, a lower standard-range sentence would have been imposed. *Id.* We note that throughout the entire proceeding, the sentencing court discussed sentencing at the lowest end of the standard range of the Sentencing Guidelines. *Id.* at 18-33.

We conclude that Appellant received the instant sentence based on the sentencing court's consideration of multiple factors including Appellant's PRS and criminal history which prohibited Appellant from possessing a firearm, and that Appellant pled guilty to the underlying crime graded as a first-degree felony. Even if sentencing counsel objected to the description of the firearm, it is unlikely that the result of the sentencing proceeding would have been different. There is no evidence that the type of the firearm affected Appellant's guilty plea to the possession of a firearm that was prohibited to him due to his felony record. Nor does the record support Appellant's claim that the type of firearm affected his sentencing which was imposed at the lowest end of the standard range of the Sentencing Guidelines. Indeed, the OGS was not dependent on the type of firearm that Appellant illegally possessed. As the sentencing court stated, an important consideration was Appellant's active

role in handling the firearm, not the type of firearm, that supported the sentence. ***Id.*** at 16.[8]

On this record, we agree with the PCRA court's conclusion that the erroneous description of Appellant's firearm was harmless and therefore, there was no prejudice to Appellant. Supp. PCRA Ct. Op., 10/25/21, at 1-2. Because Appellant has not established prejudice, his claim of ineffective assistance of counsel fails and no relief is due. ***See Sandusky***, 203 A.3d at

_____

[8] The dissent posits that we have "minimized the seriousness" of the sentencing court's misstatements. Dissenting Mem., at 1. As noted, the trial court used the term "automatic" to describe Appellant's AR-15, which is a semi-automatic weapon. ***See*** N.T., 5/29/20, at 6. Without discussing the singular term "automatic," the dissent proceeds to quote language from the Supreme Court of the United States which explains the distinction between a "fully automatic" weapon and a "semi-automatic" weapon. Dissenting Mem. at 1-3 (citing ***Staples v. U.S.***, 511 U.S. 600, 603 (1994)). In ***Staples***, the Court stated the level of proof that was required to establish that a firearm falls within the statutory definition of a "machine gun," a fully automatic firearm. ***Staples***, 511 U.S. at 602. However, in the case at bar, the sentencing court never referred to Appellant's firearm as "fully automatic" or as a "machine gun." Additionally, we point out that referring to a semi-automatic weapon as "automatic," is not uncommon. ***See, e.g., Commonwealth v. Almodovar***, 2022 WL 122614, at *1 (Pa. Super. filed Jan. 13, 2022) (unpublished mem.). Moreover, despite the dissent's suppositions, it is clear that Appellant failed to establish that the result of the sentencing hearing would have been different if counsel had objected to the term "automatic" and pointed out to the sentencing court that the weapon was "semi-automatic" as opposed to "automatic." Indeed, neither the dissent's position that semi-automatic weapons are regularly utilized by civilians, nor the rate of fire for an AR-15 were factors that could increase or decrease the applicable Sentencing Guidelines for 18 Pa.C.S. § 6105(a)(1). Finally, because Appellant received a sentence at lowest end of the standard range, we presume that his sentence was reasonable. ***See, e.g., Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). Pursuant to our standard of review, we do not find that the PCRA court erred in denying Appellant relief.

1043-44; *see also Spotz*, 84 A.3d at 315.  For these reasons, we affirm the PCRA court's order.

Order affirmed.

Judge McCaffery joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2022