J-S25034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK CHRISTOPHER ROKITA, JR. | : | |
| | : | |
| Appellant | : | No. 3075 EDA 2022 |

Appeal from the Order Entered November 17, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007549-2011

BEFORE:    NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED AUGUST 30, 2023**

Mark Christopher Rokita, Jr. (Appellant), appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, dismissing his motion for sentencing credit, on the ground it was untimely filed under the Post Conviction Relief Act[1] (PCRA).[2]  Appellant: (1) contends his sentencing

---

[1] 42 Pa.C.S. §§ 9541-9545.

[2] Both Appellant's motion and the PCRA court's denial order listed five trial dockets.  However, Appellant's *pro se* notice of appeal listed only one trial docket — CP-46-CR-0007549-2011 (Docket 7549).  We deem Appellant has perfected an appeal only at this trial docket.  **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), (when a single order resolves issues arising on more than one trial court docket, separate notices of appeal must be filed for each case), *overruled in part*, **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).

credit issue is a non-waivable challenge to the legality of his sentence; and (2) in the alternative invokes, for the first time, the newly discovered evidence exception.[3] We affirm.

On August 15, 2013, Appellant entered open guilty pleas to numerous drug charges at five separate trial dockets. At the underlying docket, Docket 7549, Appellant pleaded guilty to persons not to possess a firearm and possession with intent to deliver marijuana.[4] On January 8, 2014, the trial court imposed concurrent sentences of, respectively, five to 10-years and one to two years' imprisonment. At the remaining four dockets, the court imposed an aggregate sentence of 4½ to 10 years' imprisonment, to run consecutive to the sentence at Docket 7549.[5] Pertinently, the trial court awarded

_____

[3] **See** 42 Pa.C.S. § 9545(b)(1)(ii).

[4] 18 Pa.C.S. § 6105(a)(1); 35 P.S. § 780-113(a)(30). The factual bases for the plea were that: on October 8, 2011, officers were executing a search warrant in Pottstown, Montgomery County, when they found Appellant to be "in possession of a gun in close proximity to 2.3 pounds of marijuana and 5.64 grams of oxycodone, which [Appellant] possessed with the intent to deliver." N.T., 8/15/13, at 13.

[5] The total aggregate sentence was thus 9½ to 20 years' imprisonment. N.T., 1/8/14, at 37. We note the remaining trial dockets were: (1) CP-46-CR-0000308-2013; (2) CP-46-0000309-2013; (3) CP-46-CR-0000743-2013; and (4) CP-46-CR-0000749-2013.

At the January 8, 2014, sentencing proceeding, Appellant additionally entered a guilty plea at a sixth docket, which the parties referred to as "7797-13." **See** N.T., 1/8/14, at 4. The court imposed a sentence of one year's probation, to run concurrent with the sentence at Docket 7549. **Id.** at 35.

- 2 -

sentencing credit for time spent in custody: from January 9 to June 18, 2013, and from October 3, 2013, to January 8, 2014, which we calculate to be a total of 259 days. *See* N.T., 1/8/14, at 31-32, 36.

Appellant did not file a post-sentence motion or take a direct appeal, but filed three PCRA petitions, all of which were dismissed.[6]

On July 26, 2022 — more than eight years after he was sentenced — Appellant filed the underlying *pro se* "Motion for Time Credit."[7] Appellant averred he received notice from the Parole Department that he would be paroled on October 25, 2022. Appellant claimed at least three weeks' sentencing credit was "missing from his time credit:" two weeks sometime after his arrest in October of 2011 and at least a week in December of 2012. Appellant's Motion for Time Credit, 7/26/22. Additionally, Appellant averred

---

[6] Appellant appealed from the dismissal of his second PCRA petition, which was filed in November of 2016. This Court affirmed, agreeing with the trial court that the PCRA petition was untimely filed. ***Commonwealth v. Rokita***, 1095 EDA 2017 (unpub. memo.) (Pa. Super. Nov. 9, 2017).

Appellant also appealed from the dismissal of his third PCRA petition, which was filed in July of 2020. This Court dismissed the appeal for Appellant's failure to file a brief. ***Commonwealth v. Rokita***, 8 EDA 2021 (order) (Pa. Super. Mar. 19, 2021).

[7] As noted above, both Appellant's motion and the trial court's denial order listed five trial dockets. However, Appellant's *pro se* notice of appeal listed only Docket 7549, and pursuant to ***Walker***, we consider Appellant to have properly appealed only at this docket. *See **Walker***, 185 A.3d at 977.

- 3 -

his plea counsel "abandoned him immediately after sentencing and PCRA counsel must have overlooked the time discrepancy." ***Id.***

We note the motion did not address the PCRA's timeliness requirements or raise any timeliness exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

The trial court construed this motion as a PCRA petition, and on October 10, 2022, issued Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. The court reasoned the motion was untimely under the PCRA filing requirements. On the same day, the court also denied Appellant's motion for the appointment of counsel. On November 17th, the trial court dismissed the motion, and Appellant took this timely *pro se* appeal.[8]

We note the entirety of Appellant's brief on appeal spans two pages. He acknowledges the PCRA court's finding that his petition was untimely under the PCRA, but avers his claim — that time he spent in custody for this matter was not properly counted toward his sentence — "raises a non-waivable challenge to the legality of the sentence[.]" Appellant's Brief at 1. Appellant also argues, in the alternative, that he has satisfied the PCRA's newly discovered evidence exception, as he could not have known "about the sentence miscalculation until he was apprised by the parole department" and furthermore, there "could not have been any due diligence required" of him

---

[8] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

because he was previously appointed an attorney, who "reviewed his entire case [and found] no errors." ***Id.*** at 2, *citing* 42 Pa.C.S. § 9545(b)(1)(ii). We conclude no relief is due.

We first review whether Appellant's claim was cognizable under the PCRA. "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007). Such a claim must be raised in a timely PCRA petition. ***Id.*** at 592. On the other hand, if an "alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." ***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014) (citation omitted).

As stated above, at sentencing the trial court awarded Appellant sentencing credit specifically as follows: from January 9 to June 18, 2013, and from October 3, 2013 to January 8, 2014. N.T., 1/8/14, at 31-32, 36. Appellant's "Motion for Time Credit" averred "approximately three . . . weeks is missing from [the] calculation [of] his sentence of [9½] years to [20] years in prison . . . by [the trial court]." Appellant's Motion for Time Credit at 1. The PCRA court construed this claim to mean "the commitment dates on the sentencing orders failed to give him credit for approximately three weeks he

- 5 -

spent in total confinement[.]" Order, 10/10/22, at 2. The court reasoned this issue — as well as his claims of counsel's ineffective assistance — were cognizable under the PCRA. *Id.* at 2-3. We agree.[9] *See* 42 Pa.C.S. § 9543 (PCRA petitioner may plead their conviction or sentence resulted from ineffective assistance of counsel); *Fowler*, 930 A.2d at 595.

Accordingly, the PCRA court properly reasoned that in order for it to reach the merits of Appellant's claims, the "Motion for Time Credit" must have been timely filed under the PCRA's timeliness requirements.

At this juncture, consider the applicable standard of review:

> Our standard of review of a trial court's denial of PCRA relief is limited to determining whether the order is supported by the record evidence and is free of legal error. Our scope of review is limited to the PCRA court's factual findings and the evidence of record.

*Fowler*, 930 A.2d at 590 (citations omitted).

This Court has explained:

> [T]he timeliness requirements of the PCRA are mandatory and jurisdictional in nature. 42 Pa.C.S.A. § 9545(b)[.] All PCRA petitions must be filed within one year of the date a judgment of sentence becomes final unless the petitioner pleads and proves that (1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered

---

[9] Moreover, had Appellant articulated a claim that the Department of Corrections or Parole Board omitted time which should have been included in his sentencing credit, the PCRA court would have properly dismissed his motion on the ground such a claim should be filed in the Commonwealth Court. *See Heredia*, 97 A.3d at 395. To the extent Appellant wished to articulate such a claim, our disposition today does not prevent him from doing so.

facts or evidence; or (3) a new constitutional right has been recognized. 42 Pa.C.S.A. § 9545(b)(1)(i-iii)[.]

If a petition is not filed within the one-year time frame, the courts lack jurisdiction to grant relief unless the petitioner can plead and prove that one of the three statutorily-enumerated exceptions to the time-bar applies. . . .

*Fowler*, 930 A.2d at 590-91 (some citations omitted).

In the case *sub judice*, Appellant was sentenced on January 8, 2014. As he did not file a post-sentence motion or take a direct appeal, his judgment of sentence became final for PCRA purposes at the end of the 30-day period to file an appeal, or February 7, 2014. **See** 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Appellant then generally had one year, or until Monday, February 9, 2015, to file a PCRA petition.[10] **See** 42 Pa.C.S. § 9545(b)(1).

Appellant did not file the underlying "Motion for Time Credit" until July 26, 2022 — more than seven years after the above filing deadline. The motion did not plead any of the timeliness exceptions. Accordingly, we agree with the PCRA court that the motion was untimely under the PCRA's filing

---

[10] The one year time period following February 7, 2014, fell on Saturday, February 7, 2015. Appellant thus had until that Monday, February 9th, to file a PCRA petition. **See** 1 Pa.C.S. § 1908.

requirements, and dismissal was proper. **See Fowler**, 930 A.2d at 591; Order, 10/10/22, at 4-5. Appellant's attempt to invoke the newly discovered evidence, for the first time on appeal, is waived, as he did not raise it before the PCRA court. **See Commonwealth v. Fransen**, 986 A.2d 154, 158 (Pa. Super. 2009) ("It is well-settled that we may not address claims that were not first raised with the PCRA court."), *citing* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, Appellant's contention — that he was not made aware of the alleged missing sentencing credit until he received notice of the Parole Board's July 14, 2022, parole decision — is meritless. At the sentencing hearing, the trial court clearly stated on the record that it would grant credit for time served from January 9 to June 18, 2013, and from October 3, 2013, to January 8, 2014. N.T., 1/8/14, at 31-32, 36. The written sentencing order reflected the same. Trial/Plea/Sentence Disposition, 1/8/14, at 2. Appellant was thus on notice the trial court had not granted credit for the time periods he now cites.

For the foregoing reasons, we affirm the order of the PCRA court denying Appellant's "Motion for Time Credit" on the grounds it was untimely filed under the PCRA.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 8/30/2023*