J-S18016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER MOBLEY, | |
| Appellant | No. 898 EDA 2014 |

Appeal from the PCRA Order entered February 28, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1201751-2004.

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 23, 2015**

Peter Mobley ("Appellant") appeals from the order denying his first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts as follows:

> On August 18, 2004, at approximately seven o'clock in the evening, Philadelphia Police Officers Michael Trask and James Crown were working in the confines of the Twenty-[Fourth] District in the areas of Frankford and East Orleans Street.  While they were conducting surveillance from inside a bar in that area, they observed [Appellant] argue with Curtis Page outside the bar.  During the argument, [Appellant] took a .380 caliber handgun from his waist and fired at Mr. Page.  Immediately, the officers exited the bar and identified themselves to [Appellant] by yelling, "freeze, police."  One of the officers displayed a badge around his neck.  [Appellant] responded by turning and firing one shot across Frankford Avenue in the direction of the officers.  [Appellant] fled on East Orleans Street with the officers in pursuit, who were again ordering, "freeze, police, get down, drop the gun."  [Appellant] turned and

fired at least three more times at Officers Crown and Trask. [Appellant] fired his shots in the direction of the officers' heads and torso area. Police eventually captured and arrested [Appellant] on East Orleans Street. Police recovered the firearm nearby and placed [it] on a property receipt. Ballistics evidence from the scene included fired cartridge casings, projectiles and copper jackets. Police found this evidence across Frankford Avenue, the place from which [Appellant] had fired the shots.

PCRA Court Opinion, 6/30/14, at 4-5 (citations omitted).

The Commonwealth chose to charge Appellant at two different docket numbers; Appellant was charged for his actions toward Officer Crown at CP-51-CR-1207921-2004 ("the Crown charges"), and for his actions toward Police Officer Trask at CP-51-CR-1201751-2004 ("the Trask charges").

The PCRA court summarized the subsequent, protracted procedural history at both dockets as follows:

On April 11, 2008, [the Commonwealth tried Appellant at both dockets. He] was found guilty on [the Crown charges] of Aggravated Assault on Police Officer James Crown of the Philadelphia Police Department, [and various firearm and weapon counts,] before [the trial court] sitting with a jury. . . . The jury was hung on several other charges: Aggravated Assault on Police Officer Michael Trask of the Philadelphia Police Department, Attempted Murder on Officer Trask, and Attempted Murder on Officer Crown. To avoid retrial, on April 28, 2008, on [the Trask charges, Appellant] pled guilty to Aggravated Assault on Officer Trask, on [the Crown Charges, Appellant] pled guilty to Attempted Murder on Officer Crown, and the Commonwealth *nolle prossed* the charge for Attempted Murder on Officer Trask. On June 30, 2008, this Court sentenced [Appellant to an aggregate sentence of seventeen and a half to thirty five years of incarceration at both dockets]. On July 17, 2008, [Appellant] filed a timely post sentence motion, *pro se*, for [the Crown charges], which was denied by operation of law on January 9, 2009.

On January 29, 2009, [Appellant] filed a Notice of Appeal for [the Crown charges], and this Court filed a [Pa.R.A.P.] 1925(b) order directing [Appellant] to file his Statement of [Errors] Complained of on Appeal. On February 2, 2009, [Appellant] wrote a letter to this Court requesting counsel. The [PCRA court] appointed [PCRA counsel] to represent [Appellant]. [PCRA counsel] requested an extension of time to submit a Statement of [Errors]. [PCRA counsel] subsequently filed a Statement of [Errors] on March 30, 2009. On March 30, 2010, the Superior Court vacated this Court's denial of [Appellant's] *pro se* post-sentence motion and remanded the case so that a counseled post-sentence motion could be filed *nunc pro tunc*. On April 15, 2010, this Court issued an order allowing [Appellant] to file a *nunc pro tunc* post-sentence motion.

On May 7, 2010, [PCRA counsel] drafted a post-sentence motion titled Petition to Withdraw Guilty Plea. However, it appears this motion was never properly filed and thus never docketed. On January 10, 2011, [PCRA counsel] drafted a Petition for Appeal Nunc Pro Tunc. As with his post-sentence motion, however, [PCRA counsel's] Petition for Appeal Nunc Pro Tunc was never properly filed and thus never docketed.

On March 8, 2011, [Appellant] filed a *pro se* PCRA petition. The [PCRA court] appointed [present counsel] to represent [Appellant] on September 8, 2011. On February 6, 2012, [present counsel] filed an amended PCRA petition. On May 3, 2013, [she] filed a supplemental amended PCRA petition. On September 12, 2013, the Commonwealth filed a response to [Appellant's] amended petition, asking this Court to allow [Appellant] to properly file a counseled post-sentence motion *nunc pro tunc* for [the Crown Charges], and to deny [Appellant's] amended PCRA petition as untimely for [the Trask charges]. On October 18, 2013, [present counsel] filed another supplemental PCRA petition in response. On February 28, 2014, regarding [the Trask charges], this Court[, after issuing Pa.R.Crim.P. 907 notice,] formally dismissed [Appellant's] petition as untimely.

PCRA Court Opinion, 6/30/14, at 1-3 (footnotes omitted).[1]  This appeal followed.  Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).  Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.  ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that his petition was untimely.  The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation

---

[1] With regard to the Crown charges, the PCRA court permitted Appellant to file a post-sentence motion *nunc pro tunc*, which the PCRA court subsequently denied.  Appellant filed a separate appeal challenging his judgment of sentence at No. 1348 EDA 2014.

omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence for the Trask charges became final on July 30, 2008, thirty days after the time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his PCRA petition by July 30, 2009, in order for it to be timely. As Appellant filed his PCRA petition on March 8, 2011, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Instead, Appellant seeks to establish the section 9545(b)(1)(ii) time bar exception based on "newly discovered" evidence of ineffective assistance of counsel. **See** Appellant's Brief at 10. Unfortunately for Appellant, he did not raise this exception in any of his PCRA petitions. Thus, the claim is being raised for the first time on appeal and is waived. **Burton**, **supra**.

Within his final amended petition, Appellant asserts that his claim for post-conviction relief was timely under section 9545(b)(1)(i) because the county clerk "failed to correctly docket material pleadings in this case[.]" Appellant's Brief at 11. The PCRA court rejected Appellant's claim, and explained:

> [Appellant's] argument that failure to raise the claim previously was the result of government interference is faulty. It was [Appellant] who filed both his post-sentence

motion and his Notice of Appeal with only one [docket] number, and both of those matters were properly docketed for that [docket] number. His own error in failing to include both [docket] numbers does not constitute interference by the government. Surely, the Clerk of the Philadelphia Court of Common Pleas did not interfere with [Appellant's] constitutional rights when [Appellant's] matters were properly docketed *based on what* [Appellant] *himself provided*. . . . Thus, [Appellant's] PCRA petition is untimely and this Court does not have jurisdiction.

PCRA Court Opinion, 6/30/14, at 6-7 (footnote and citations omitted).

Our review of the certified record supports the PCRA court's conclusions.[2] Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's substantive issues raised in his PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

---

[2] Although, after remand, the trial court entered an order at both dockets that permitted Appellant to file *nunc pro tunc* motions, **see** Order, 4/15/10, our remand concerned only the Crown charges, and therefore, the trial court lacked jurisdiction to enter such an order with regard to the Trask charges. **See generally**, 42 Pa.C.S.A. § 5505.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2015