J-S50017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ROBINSON | |
| Appellant | No. 34 EDA 2015 |

Appeal from the PCRA Order November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0416191-1993

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY MUNDY, J.:              **FILED October 6, 2015**

Appellant, William Robinson, appeals, *pro se*, from the November 14, 2014 order dismissing as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On January 25, 1994, the trial court imposed an aggregate sentence of 42½ to 85 years' imprisonment after Appellant pled guilty to two counts each of robbery and aggravated assault, and one count of carrying a firearm on a public street.[1]  On July 12, 1995, this Court affirmed Appellant's sentence, and our Supreme Court denied his petition for allowance of appeal on February 15, 1996.  ***Commonwealth v. Robinson***, 667 A.2d 423 (Pa.

---

[1] 18 Pa.C.S.A. §§ 3701, 2702, and 6108, respectively.

Super. 1995) (unpublished memorandum), *appeal denied*, 543 Pa. 726 (1996). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Consequently, Appellant's judgment of sentence became final on May 15, 1996. **See generally** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1). On March 21, 2007, Appellant filed his first PCRA petition, which the PCRA court dismissed on September 4, 2008, and this Court affirmed the PCRA court's order on December 3, 2009. **Commonwealth v. Robinson**, 990 A.2d 52 (Pa. Super. 2013) (unpublished judgment order). Appellant did not file a petition for allowance of appeal with our Supreme Court. Thereafter, on December 30, 2011, Appellant filed the instant petition, his second, which is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the date the judgment becomes final).

Appellant titled his *pro se* petition as one to modify or correct his sentence *nunc pro tunc*. The PCRA court, however, properly treated it as a PCRA petition. **See id.** § 9543(a)(2)(vii) (listing as cognizable under the PCRA a claim that the petitioner's sentence is "greater than the lawful maximum[]"). Appellant does not allege in his PCRA petition or argue in his appellate brief that any of the enumerated time-bar exceptions to the PCRA apply. **See id.** § 9545(b)(1)(i)-(iii). It is well-established that "[t]he petitioner has the burden to plead in the petition and subsequently to prove that an exception applies." **Commonwealth v. Fowler**, 930 A.2d 586, 591

(Pa. Super. 2007) (citation omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008); **accord Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013). Because Appellant did not meet this burden, neither the PCRA court nor this Court have jurisdiction to consider the merits of Appellant's challenges to the legality of his sentence contained in his petition. **See Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014) (explaining "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim[]") (brackets in original; citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely filed.[2] Accordingly, the PCRA court's November 14, 2014 order is affirmed.

Order affirmed.

---

[2] While the Commonwealth's brief addresses the timeliness issue, we do not consider the brief. After we granted an extension to the Commonwealth, its brief was due on or before June 22, 2015, with no further extensions granted. The Commonwealth, however, did not file its brief until July 7, 2015; thus, it was not timely filed. On July 22, 2015, Appellant objected to the untimeliness of the brief. Accordingly, we grant Appellant's objection and disregard the Commonwealth's brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/6/2015</u>