J-S82032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OSVALDO RODRIGUEZ, | |
| Appellant | No. 887 MDA 2016 |

Appeal from the PCRA Order May 4, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0002551-2006

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 15, 2016**

Appellant, Osvaldo Rodriguez, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows. On September 28, 2007, Appellant pleaded guilty to one count of third degree murder and one count of criminal conspiracy to commit murder.[1] The charges arose from the shooting death of Jamien Cooper.  After consideration of a pre-sentence investigation report, on December 10, 2007, the trial court sentenced Appellant to an aggregate term of not less than

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c) and 903(a)(1), respectively.

seventeen nor more than thirty-five years' incarceration. The trial court ordered Appellant to pay restitution in the amount of $15,980.00. It further directed that, "[t]o the extent any of your coconspirators pays their proportionate share, then your share will be correspondingly reduced. However, absent such payment, you are fully responsible for the full amount." (N.T. Sentencing, 12/10/07, at 33).[2] Appellant indicated on the record that he did not have any questions about his sentence. (**See id.** at 35-36). This Court dismissed Appellant's direct appeal on July 23, 2009, and he did not file a petition for allowance of appeal with our Supreme Court. (**See Commonwealth v. Rodriguez**, 981 A.2d 932 (Pa. Super. 2009) (unpublished memorandum)).

On October 19, 2015,[3] Appellant filed a *pro se* petition challenging the restitution portion of his sentence, claiming that he is not responsible for the entire restitution amount. The court treated the filing as a PCRA petition and appointed counsel.[4] On December 15, 2015, counsel filed a

_____

[2] **See** 18 Pa.C.S.A. § 1106(c)(1)(requiring court to order full restitution).

[3] We deem Appellant's petition filed on the day it was dated rather than on the day it was docketed pursuant to the prisoner mailbox rule. **See Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

[4] **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) ("We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted).

*Turner*/*Finley*[5] no-merit letter and petition to withdraw.  After consideration of Appellant's *pro se* response, which referred to *Alleyne v. United States*, 133 S.Ct. 2151 (2013),[6] the court issued notice of its intent to dismiss the PCRA petition without a hearing as untimely.  *See* Pa.R.Crim.P. 907(1); (*see also* Appellant's Response to Counsel's No-Merit Letter, 1/04/16, at 6).  In its Rule 907 notice, the court noted Appellant's "oblique reference" to *Alleyne*, and stated that *Alleyne* is not applicable because Appellant is not serving a mandatory minimum sentence.  (Rule 907 Notice, 3/17/16, at 6). After Appellant filed a response, the PCRA court entered its order dismissing the PCRA petition and granting counsel's petition to withdraw on May 4, 2016.  This timely appeal followed.[7]

Appellant raises the following issues for our review:

> 1. Was [A]ppellant denied his right to due process and equal protection of law where, mandatory minimum sentencing enhancement provided an improper starting point for consideration of the sentence(s) imposed?

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] In *Alleyne*, the United States Supreme Court held that under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. *See Alleyne*, *supra* at 2158.

[7] The court did not order Appellant to file a concise statement of errors complained of on appeal.  It filed an opinion on July 15, 2016.  *See* Pa.R.A.P. 1925.

2. Was [A]ppellant denied his right to due process and equal protection of law where, the full amount of restitution was imposed joint and several with the co-defendants in this case?

3. Was [A]ppellant denied his right to effective assistance of counsel at plea/sentencing and on PCRA review where, counsel put forth an issue of arguable merit, but failed to develop said issue for review?

4. Does the Commonwealth waive procedural default/time-bar where, the [PCRA] [c]ourt's Rule 907 [d]ismissal and [o]rder addresses [A]ppellant's merits while arguing matters of procedural default or procedural time-bar?

(Appellant's Brief, at 3).

We begin by addressing the timeliness of Appellant's PCRA petition.

In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error. Where an issue presents a question of law, the appellate court's standard of review is *de novo*, and its scope of review is plenary. . . .

The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only

- 4 -

by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

***Commonwealth v. Robinson***, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted).

In this case, Appellant's judgment of sentence became final on August 24, 2009, upon expiration of the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3).[8] Therefore, Appellant had until August 24, 2010, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on October 19, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[8] The filing deadline fell on a Saturday.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.***

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." ***Id.*** at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, although not expressly pleaded, it appears Appellant attempts to invoke the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) by reference to ***Alleyne***, ***supra***. (***See*** Appellant's Brief, at 7, 13-15 (stating that ***Alleyne*** established new constitutional rule of law, and that numerous Pennsylvania mandatory minimum statutes have been deemed unconstitutional pursuant to that decision)). However, as the PCRA court noted, ***Alleyne*** is not applicable in this case because Appellant is not serving a mandatory minimum sentence. (***See*** Rule 907 Notice, at 6). Moreover, "our Supreme Court recently filed an

opinion in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) wherein it addressed the retroactive effect of **Alleyne** and held 'that **Alleyne** does not apply retroactively to cases pending on collateral review. . . .'" **Commonwealth v. Whitehawk**, 2016 WL 4473779, at *4 (Pa. Super. filed Aug. 24, 2016) (internal citation formatting provided). Therefore, Appellant's claim premised on **Alleyne** fails.

Finally, we address Appellant's argument that "even if [he] tentatively agreed to the open-ended restitution order,"[9] the sentence of restitution is illegal and must be corrected. (Appellant's Brief, at 10). Specifically, he asserts that a challenge to the legality of sentence cannot be waived, and that an illegal sentence is always subject to correction on collateral review. (**See id.** at 5, 10, 17). We disagree.

As previously noted, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Robinson**, **supra** at 185 (citation omitted). It is well-settled that "[a]lthough legality of sentence is always subject to review within the PCRA, claims **must still first satisfy** the PCRA's time limits or one of the exceptions thereto." **Commonwealth v.**

_____

[9] Appellant's characterization of the restitution order as "open-ended" is inaccurate and misleading since the court ordered the fixed amount of $15,980.00.

*Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (citations omitted) (emphasis added).

Instantly, Appellant's petition is untimely and he has failed to plead or prove the applicability of any of the three limited exceptions to the PCRA's jurisdictional time-bar.  Therefore, we conclude that the PCRA court properly dismissed Appellant's PCRA petition as untimely with no exception to the time-bar pleaded or proven.  **See Robinson**, **supra** at 185.[10]  Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2016

---

[10] We note for the sake of completeness that Appellant's representation that he "tentatively agreed" to the "open-ended" restitution order is refuted by the record, which reflects that the court expressly informed Appellant that he was "fully responsible for the full amount" of restitution, and that Appellant had no questions about the sentence.  (Appellant's Brief, at 10; N.T. Sentencing, 12/10/07, at 33; **see also id.** at 35-36).