592 A.2d 1375

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leonard MINCONE, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1990.

Filed June 24, 1991.

Rhonda Anderson Marks, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

George C. Diamantopulos, Pittsburgh, for participating party.

Before CIRILLO, President Judge, and CAVANAUGH, WIEAND, OLSZEWSKI, DEL SOLE, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

The issue in this case is whether the court below erred in refusing to grant credit to appellant, Leonard Mincone, for time voluntarily spent in an alcohol treatment program at a rehabilitation center. The court below held that this did not constitute "imprisonment" under the sentencing provisions for driving under the influence as set forth in 75 Pa.C.S. § 3731(e)(1)(ii).[1]

The appellant, Leonard Mincone, was involved in a three-vehicle accident on April 17, 1988. He was subsequently charged with driving under the influence of alcohol under 75 Pa.C.S. § 3731(a)(1).

A pre-trial conference was held on September 8, 1988, and counsel for the appellant indicated that the appellant would

---

1. 75 Pa.C.S. § 3731(e)(1)(ii) provides:

§ 3731. Driving under influence of alcohol or controlled substance.

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

.     .     .     .     .

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

At the time of his conviction for the offense involved in this case, appellant had a prior conviction for driving under the influence of alcohol and was therefore subject to the mandatory minimum term of imprisonment of not less than 30 days.

enter a guilty plea. Defense counsel asked the court whether the defendant might serve his mandatory sentence under an alternative housing arrangement at the Gateway Rehabilitation Center, an alcohol treatment facility in western Pennsylvania. The court directed defense counsel to confer with the assistant district attorney assigned to that case in that regard and indicated that it customarily permitted alternative housing arrangements for the service of mandatory sentences imposed under 75 Pa.C.S. § 3731(e).

On September 26, 1988, the day set for the entry of the guilty plea, the assistant district attorney advised that the court would also charge the defendant with violating 75 Pa.C.S. § 1543(b) relating to driving a motor vehicle under license suspension or revocation related to a prior charge of driving under the influence. The appellant objected to this new charge and the guilty plea was not entered.

On the following day, September 27, 1988, unknown to defense counsel or to the court, the defendant was admitted to the Gateway Rehabilitation Center where he remained for treatment for twenty-eight days.

The appellant entered a guilty plea to all remaining charges on April 11, 1989. He was sentenced to the mandatory minimum sentence of thirty days imprisonment to be followed by ten months probation. He was also fined in the amount of $2,156.00. The appellant's request for a twenty-eight day credit towards the thirty-day sentence was denied, as was his motion for reconsideration of sentence. He has appealed to this court from the judgment of sentence.

The court below determined that the appellant's admission to Gateway Rehabilitation Center was voluntary and therefore, his time spent there could not be credited toward his mandatory sentence of imprisonment. In *Commonwealth v. Conahan*, 388 Pa.Super. 369, 565 A.2d 798 (1989), allocatur granted, 525 Pa. 576, 575 A.2d 108 (1990), we held that voluntary participation in an in-patient alcohol treatment program did not constitute imprisonment within the meaning of 75 Pa.C.S. § 3731(e). However, our decision was reversed by *Commonwealth v. Conahan*, 527 Pa. ——,

589 A.2d 1107, (1991), Mr. Justice Larsen dissenting, which held that we erred in determining that the mandatory sentence of imprisonment for driving under the influence precluded the grant of credit for time served voluntarily in an inpatient alcohol rehabilitation facility. The court held that time served in institutionalized custody falls within the definition of "imprisonment."

While in *Conahan* the Supreme Court held that voluntary presence in an institutionalized rehabilitation facility falls within the definition of "imprisonment", it made clear that the sentencing court must exercise its discretion in determining whether credit must be given for the time spent in such an institution. The court stated at slip opinion, page ——–——, 589 A.2d at 1110:

> Clearly, our acceptance of this type of inpatient "institutional rehabilitation" in no way *entitles* one accused of driving under the influence of alcohol to a credit for such rehabilitative commitment *as of right.* [Emphasis in original.] Rather, it is only an express approval of credits for such commitment that the sentencing court in its discretion deems to be sufficient.... *It is clear that the court must sentence the offender to the mandatory minimum, Commonwealth v. Sojourner,* 513 Pa. 36, 518 A.2d 1145 (1986), *but that the court in its discretion may* thereafter judicially approve transfer of the offender from prison to an acceptable institution that has agreed to accept the offender for inpatient rehabilitation, or *immediately after sentencing award credit for such commitment already completed.* (Emphasis added.)

In the matter *sub judice,* the court below relying on our decision in *Conahan* believed it was precluded from granting credit for time voluntarily spent at Gateway Rehabilitation Center. We must therefore remand to the court below so that it may exercise its discretion in determining whether to grant credit towards the mandatory minimum sentence for the time spent at Gateway.

Order reversed and case remanded to the court below. We relinquish jurisdiction.