J-A25018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER JAMES FRANZKE | |
| Appellee | No. 433 EDA 2017 |

Appeal from the Judgment of Sentence imposed December 28, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001636-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER JAMES FRANZKE | |
| Appellee | No. 436 EDA 2017 |

Appeal from the Judgment of Sentence imposed December 28, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002690-2013

BEFORE:  OTT, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 11, 2018**

---

[*] Former Justice specially assigned to the Superior Court.

The Commonwealth argues the trial court abused its discretion in granting Appellee time credit for time he spent in an in-patient rehabilitation facility. For the reasons stated below, we vacate the judgment of sentence and remand for resentencing.

The underlying facts and procedural facts of the instant matter are not in dispute. Briefly, on June 9, 2016, following a hearing, the trial court revoked Appellee's placement in the State Intermediate Punishment (SIP) program, and sentenced him to an aggregate period of incarceration of 24 to 60 months, with time credit of 378 days. On June 17, 2016, Appellee filed a motion for additional time credit, which the trial court treated as a motion for reconsideration of sentence. *See*, *e.g.*, Trial Court Opinion, 4/20/17, at 18-19. On June 23, 2016, the trial court set a hearing on said motion for July 7, 2016, which was eventually rescheduled to August 26, 2016. On that day, after the hearing, the trial court took the matter under advisement. On December 28, 2016, the trial court issued an order granting Appellee's motion for reconsideration. The Commonwealth filed an appeal from that order on January 25, 2017.

The instant appeal involves a challenge to the discretionary aspects of sentence. *See Commonwealth v. Shull*, 148 A.3d 820, 847 n.14 (Pa. Super. 2016).[1]

---

[1] *See also Commonwealth v. Fowler*, 930 A.2d 586, 596 (Pa. Super. 2007) ("Generally, it is within the trial court's discretion whether to credit time spent

- 2 -

Under Pennsylvania law, neither the defendant nor the Commonwealth may take an appeal as of right from the discretionary aspects of sentence. Rather, "[t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]."

*Commonwealth v. Darden*, 531 A.2d 1144, 1146 (citation omitted)

(alteration in original).

Additionally,

[o]ur jurisdiction to hear such a challenge is discretionary, and we may not exercise our discretion to review such an issue unless we first determine that: (1) the appeal is timely; (2) Appellant preserved his issue; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentences, as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure; and (4) that concise statement raises a substantial question that the sentences were inappropriate under the Sentencing Code. If the appeal satisfies each of these prerequisites, we may accept it and proceed to the substantive merits of the case.

*Commonwealth v. Flowers*, 149 A.3d 867, 870-71 (Pa. Super. 2016)

(citation omitted) (footnote omitted). A review of the record shows that the

---

in an institutionalized rehabilitation and treatment program as time served in custody") (internal quotation marks omitted) (citing *Commonwealth v. Conahan*, 589 A.2d 1107 (Pa. 1991) and *Commonwealth v. Mincone*, 592 A.2d 1375 (Pa. Super. 1991) (en banc)).

instant appeal is untimely.[2]  As noted above, Appellee was sentenced on June 9, 2016.  He moved for reconsideration on June 17, 2016, which the trial court granted on December 28, 2016.  The Commonwealth appealed from the order granting reconsideration on January 25, 2017.  While the Commonwealth filed the instant appeal within 30 days from the order granting reconsideration, the Commonwealth failed to appreciate that this is an appeal from a sentence imposed after a revocation of SIP and that "the filing of a motion to modify sentence will not  toll the 30-day appeal period."  Pa.R.Crim.P. 708(E); *see also Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) ("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion"); *Commonwealth v. Coleman*, 721 A.2d 798, 799 (Pa. Super. 1998) (holding that the filing of a motion to modify sentence, following a revocation of probation,[3] does not extend the appeal period; a party seeking

---

[2] The trial court acknowledged that timeliness was a problem, but ultimately concluded it had jurisdiction to issue the order granting reconsideration.  Trial Court Opinion, 4/20/17, at 31-37.  The parties did not challenge or address the timeliness of the instant appeal before us.  Regardless of whether the issues had been raised by the parties, the question of timeliness of an appeal is jurisdictional, which we can raise *sua sponte*.  **See**, **e.g.**, *Commonwealth v. Trinidad*, 96 A.3d 1031, 1033-34 (Pa. Super. 2014).

[3] *See Commonwealth v. Kuykendall*, 2 A.3d 559, 563 (Pa. Super. 2010) (finding sentences of probation and sentences of state intermediate punishments to be analogous).

to appeal a revocation order must do so within 30-day time prescribed by Pa.R.A.P. 903(a)).  Therefore, the instant appeal, to be timely, should have been filed within 30 days of the judgment of sentence, not of the order granting reconsideration.  Because the Commonwealth filed the instant appeal well after the 30-day period limitation proscribed by Pa.R.A.P. 903(a), the instant appeal is untimely.

Generally, an error like this would be fatal, requiring us to quash the appeal.  **See Coleman**, 721 A.2d at 798.  However, a review of the record reveals that the trial court stated incorrectly the law on this matter.  Indeed, the trial court specifically advised the parties that Appellee could appeal from the judgment of sentence within 30 days of the order disposing of the reconsideration.  **See** N.T. Sentencing, 6/9/16, at 20 (stating to Appellee that if a motion for reconsideration had been filed, "your time to appeal wouldn't kick in until I decide that motion[.]").[4]  "[I]n similar situations, we have declined to quash the appeal recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation.  **Commonwealth v. Coolbaugh**, 770 A.2d 788, 191 (Pa. Super. 2001) (citations omitted).

---

[4] While at the time of sentencing the trial court addressed Appellee in summarizing its understanding of the rules pertaining to appeals, the trial court's erroneous statement of the relevant law similarly affected the Commonwealth.  Indeed, the same rules at issue here (*i.e.*, Pa.R.A.P. 903 and Pa.R.Crim.P. 708(E)) are equally applicable to the Commonwealth.

However, there is another problem with the instant appeal. The trial court order granting reconsideration was issued approximately 6 months after the filing of the underlying motion, and approximately 5 months after the expiration of the appeal deadline. The trial court did not have the authority to act on the motion for reconsideration once the 30-day appeal period had expired. *See* Pa.C.S.A. § 5505;[5] *see also Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000). The appealed order is therefore null and void.[6] *See Commonwealth v. Benn*, 680 A.2d 896, 900 (Pa. Super. 1996).

Given the instant appeal has been substantially compromised by the trial court's misstatement of the law at the time of sentencing, we are constrained to vacate the judgment of sentence and remand to the trial court for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[5] Section 5505 of the Judicial Code provides as follows: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Beyond the 30-day limitation, a court may only correct errors that are "obvious and patent." *Commonwealth v. Cole*, 263 A.2d 339, 341 (Pa. 1970); *see also Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa. 2007) (stating that courts have "the inherent power to correct patent errors despite the absence of traditional jurisdiction"). There is no contention that the order at issue here corrected obvious and patent errors.

[6] The trial court noted this much but ultimately concluded that, under the circumstances, the order was valid. Trial Court Opinion, 4/20/17, at 19.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/18