J. S25043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :             PENNSYLVANIA

                  v.                   :
                                                       :

ANTHONY GERALD MAGRETTO,     :          No. 1780 EDA 2016
                                                       :

               Appellant       :

Appeal from the Judgment of Sentence, May 6, 2016,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0004485-2014

BEFORE: BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 05, 2018**

Anthony Gerald Magretto appeals from the judgment of sentence of May 6, 2016, following his conviction of driving under the influence -- controlled substance. On appeal, appellant claims that he was entitled to 19 days' credit against his sentence for time he spent in inpatient drug treatment. After careful review, we determine that the trial court did not abuse its discretion in denying appellant credit time; however, we are compelled to vacate the judgment of sentence and remand for resentencing in light of ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160 (2016).

> On April 9, 2015, Appellant knowingly, intelligently and voluntarily pled guilty to driving under the influence ("DUI") of a controlled substance of a refusal nature and driving under suspended license ("DUS"). This Court granted Appellant's

request to delay sentencing so that he could complete court-ordered assessment evaluations to assist the court at sentencing. Ten months passed without a word from the Appellant. Appellant failed to provide any evidence indicating that the court-ordered assessments were completed. At the sentencing hearing on February 10, 2016, this Court granted another continuance, allowing Appellant the opportunity to register with the Adult Probation Department for a House Arrest Suitability Assessment. Three months passed and again, Appellant failed to comply with that court-ordered directive.

At his sentencing on May 6, 2016, Appellant was sentenced to undergo imprisonment for not less than five months nor more than five years in the Montgomery County Correctional Facility and to pay a [fine of] $1,500, as well as court costs. Furthermore, Appellant received credit for jail time already served from July 9, 2014 to August 1, 2014 for the DUI sentence. Finally, Appellant was sentenced to pay a $200 fine and court costs for the DUS conviction. This court, in its discretion, sentenced Appellant below the sentencing guidelines of six to sixteen months due to the supportive testimony of Appellant's grandfather.

Appellant presented minimal evidence regarding any steps taken to maintain a clean lifestyle. While Appellant admitted being a heroin addict for over ten years, he did not present any evidence regarding rehabilitation efforts such as Narcotics Anonymous, a sponsor, or completion of any outpatient treatment. Although Appellant mentioned spending 19 days at the Keystone Medical Center Treatment Program, he failed to provide documentation that he actually completed the program nor did he request credit for his participation at the time of sentencing.

On May 13th, 2016, Appellant filed a post-sentence motion for relief requesting credit for time spent in the Keystone Medical Center Treatment

> Program, from April 24, 2015 to May 13, 2015. This Court, in its discretion, having already provided the appellant numerous opportunities, denied the post sentence motion on May 19, 2016. This appeal follows.

Trial court opinion, 7/1/16 at 1-2.

Appellant filed a timely notice of appeal on June 1, 2016. Appellant has complied with Pa.R.A.P. 1925(b), and the trial court filed a Rule 1925(a) opinion. On appeal, appellant argues that the trial court abused its discretion in refusing to grant him 19 days' credit time from April 24, 2015 to May 13, 2015, during which he was residing at Keystone Medical Center ("Keystone"), an inpatient drug treatment facility.

> Our standard of review in appeals of sentencing is well settled:

>> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> ***Commonwealth v. Mann***, 957 A.2d 746, 749 (Pa.Super. 2008), quoting ***Commonwealth v. Ford***, 947 A.2d 1251, 1252 (Pa.Super. 2008) (citation omitted).

*Commonwealth v. Toland*, 995 A.2d 1242, 1248 (Pa.Super. 2010), *appeal denied*, 29 A.3d 797 (Pa. 2011).

The Sentencing Code provides that a defendant shall receive credit for all time spent in custody prior to trial:

### § 9760.  Credit for time served

(1)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).  "The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008), quoting *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723, 725 (1992) (citation omitted) (emphasis deleted).

The easiest application of [42 Pa.C.S.A. § 9760(1)] is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration:  in such a case, credit clearly would be awarded.  However, the statute provides little explicit guidance in resolving the issue before us now, where [the defendant] spent time [somewhere other] than in prison.  This difficulty results in part from the fact that neither

> Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.
>
> *Id.* at 595-596, quoting **Commonwealth v. Kyle**, 582 Pa. 624, 632-633, 874 A.2d 12, 17 (2005) (citation omitted). "Courts have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility." *Id.* at 596, quoting **Kyle**, 582 Pa. at 634, 874 A.2d at 18.

**Toland**, 995 A.2d at 1248-1249. **Compare Commonwealth v. Cozzone**, 593 A.2d 860 (Pa.Super. 1991) (defendant was entitled to credit for time spent in residential treatment where he entered the rehabilitation facility as a condition of bail in order to avoid pre-trial imprisonment), with **Commonwealth v. Conahan**, 589 A.2d 1107 (Pa. 1991) (a defendant who voluntarily commits him/herself to inpatient treatment is not automatically entitled to time credit as a matter of law; whether to grant the defendant credit was within the trial court's discretion).

> Looking at these cases together, therefore, it seems that whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, **e.g.**, as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. **Cozzone**. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for

> such commitment is a matter within the sound discretion of the court. ***Conahan***. ***See also Commonwealth v. Mincone***, 405 Pa.Super. 599, 592 A.2d 1375 (1991) (***en banc***) (trial court may exercise its discretion in determining whether to grant defendant credit towards his mandatory minimum sentence of imprisonment for time voluntarily spent at Gateway Rehabilitation Center, an institutionalized rehabilitation facility) (discussing ***Conahan***, ***supra***).

***Toland***, 995 A.2d at 1250-1251.

Thus, in ***Toland***, this court held that the trial court did not abuse its discretion in denying the defendant time credit, where he voluntarily checked himself into residential rehabilitative treatment, he was not restrained and was free to leave treatment at any time, and the trial court found that these facilities were not custodial and did not rise to the level of "imprisonment." In the case ***sub judice***, the trial court found that appellant voluntarily participated in inpatient treatment at Keystone. (Trial court opinion, 7/1/16 at 3.) Appellant was not required to participate in a drug treatment program as a condition of his bail. Furthermore, there was no evidence presented to the trial court establishing that the restrictions imposed upon appellant at Keystone rose to the level of "imprisonment." (***Id.***) In fact, appellant did not request credit for the 19 days he spent at Keystone until after sentencing. (***Id.*** at 2.) At sentencing, counsel for appellant simply observed, "From that assessment, it was recommended that he continue with some type of inpatient treatment. He completed inpatient treatment at Keystone Center's treatment program from April 24,

2015, to May 13, 2015. So he understood that he had a problem." (Notes of testimony, 5/6/16 at 6-7.) The trial court also observed that appellant had failed to take advantage of other opportunities including house arrest. (*Id.* at 14-15; trial court opinion, 7/1/16 at 4.)

Appellant argues that he did not voluntarily enter treatment because at the guilty plea hearing, the trial court directed him to undergo a urine screen on the morning of his sentencing date and warned him that "You have got your work cut out for you." (Appellant's brief at 15-16, quoting notes of testimony, 4/9/15 at 13-14.) According to appellant, this constituted an "implied threat" that there would be adverse penal consequences if appellant did not work on his addiction problem. (Appellant's brief at 16-17.) However, unlike the defendant in *Cozzone*, who was allowed to admit himself to an alcohol treatment facility in lieu of being committed to the county jail, appellant was never told he had to complete an inpatient treatment program as a condition of his bail. The trial court simply warned him that he would undergo a urinalysis prior to sentencing and that, as a heroin addict, he had his work cut out for him. The record supports the trial court's finding that appellant's decision to enroll at Keystone was completely voluntary.

Furthermore, appellant claims that Keystone was a "custodial hospital" and that he was "restrained of his liberties during the entire time of his confinement." (Appellant's brief at 26.) However, appellant provided no

evidence in support of this claim. (Trial court opinion, 7/1/16 at 3.) In his post-sentence motion, appellant merely averred that he sought inpatient treatment at Keystone from April 24, 2015 to May 13, 2015, and requested credit for that time against his prison sentence. (Docket #15.) For these reasons, we determine that the trial court did not abuse its discretion in denying appellant credit for the 19 days he spent in residential treatment at Keystone.

We now turn to the legality of appellant's sentence and **Birchfield**. Initially, we note that we can address the legality of appellant's sentence **sua sponte**. **Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa.Super. 2017) (citation omitted). Appellant pled guilty to DUI as a first-degree misdemeanor punishable by up to 5 years' imprisonment. This was appellant's second DUI, and he refused chemical testing; therefore, 75 Pa.C.S.A. § 3804(c)(2)(i) provides for a mandatory minimum sentence of 90 days' imprisonment and a $1,500 fine. With an offense gravity score of 5 and a prior record score of 3, the guidelines provided for a standard range sentence of 6 to 16 months. (Notes of testimony, 5/6/16 at 3; docket #14.) Without evidence of appellant's refusal, the offense would have been graded as a third-degree misdemeanor punishable by a maximum of 6 months' imprisonment, and a mandatory minimum of only 5 days' imprisonment. 75 Pa.C.S.A. §§ 3803(a)(1), 3804(a)(2)(i).

In *Giron*, addressing *Birchfield* and *Commonwealth v. Evans*, 153 A.3d 323 (Pa.Super. 2016), this court held that, "in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803-3804." *Giron*, 155 A.3d at 640 (footnote omitted).  As described above, without a finding that he refused chemical testing, appellant faced a mandatory minimum of 5 days' imprisonment and a maximum penalty of 6 months.  With the finding that he refused chemical testing, as a second time repeat DUI offender, appellant faced a mandatory minimum of 90 days' imprisonment and a maximum penalty of 5 years' imprisonment.  As such, appellant's sentence of 5 months to 5 years' imprisonment for his conviction of second-offense DUI -- general impairment with refusal, graded as a first-degree misdemeanor, was illegal and it is necessary to remand for resentencing. *Giron*.

Judgment of sentence vacated.  Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/18