J-S08002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIN ELIZABETH HARRIGAN | |
| Appellant | No. 980 MDA 2020 |

Appeal from the Judgment of Sentence entered July 9, 2020
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000150-2020

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:0 **FILED MAY 26, 2021**

Appellant, Erin Elizabeth Harrigan, appeals from the judgment of sentence imposed in the Court of Common Pleas of Bradford County on July 9, 2020.  Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), challenging the discretionary aspects of Appellant's sentence.  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The factual and procedural background is not at issue.  Briefly, "[o]n July 9, 2020[,] Appellant was sentenced to imprisonment the minimum of which is 90 days and the maximum of which is 36 months on the offense of

_____

[*] Former Justice specially assigned to the Superior Court.

possession of drug paraphernalia, 35 P.S. § 780-113(a)(16), an ungraded misdemeanor. [On July 13, 2020, a] post sentence motion was filed and denied." Trial Court Opinion, 10/14/20, at 1 (unnecessary capitalization omitted). This appeal followed.

The **Anders** brief challenges the discretionary aspects of Appellant's sentence.[1] Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires counsel to do the following.

---

[1] Specifically, Appellant argues that the trial court erred in not granting 28 days of inpatient rehabilitation toward time served. Generally, issues involving credit for time spent in custody involve the legality of the sentence. **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007). However, as explained *infra*,

> whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, . . . then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

**Commonwealth v. Toland**, 995 A.2d 1242, 1250-51 (Pa. Super. 2010). Here, it is uncontested that Appellant voluntarily entered the rehabilitation facility. Accordingly, it was "within the trial court's discretion whether to credit time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" **Commonwealth v. Conahan**, 589 A.2d 1107, 1110 (Pa. 1991). **See also Commonwealth v. Shull**, 148 A.3d 820, 847 (Pa. Super. 2016), and **Commonwealth v. Mincone**, 592 A.2d 1375, 1376-77 (Pa. Super. 1991) (*en banc*).

- 2 -

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record that counsel believes arguably supports the appeal;
(3) set forth counsel's conclusion that the appeal is frivolous; and
(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief substantially complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising her of the rights listed in **Orellana**. Accordingly, all **Anders**' requirements are satisfied.

As noted, Appellant argues that the trial court abused its discretion by refusing to grant credit for time she spent in an inpatient rehabilitation institution. We disagree.

- 3 -

Because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence," *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

Upon review, we find that Appellant has timely appealed, the issue presented was properly preserved, and Appellant's brief contains no fatal defect. We now address whether Appellant has presented a substantial question for review. As previously indicated, a challenge that a trial court failed to award credit for time served in custody prior to sentencing involves the legality of a sentence. *Fowler*, *supra.* Claims that allege sentencing illegality cannot be waived and may be raised for the first time on appeal, even *sua sponte* by this Court. *See, e.g.*, *Commonwealth v. Kitchen*, 814 A.2d 209, 214-15 (Pa. Super. 2002). As such, illegality claims do not fall within those discretionary claims that must satisfy Rule 2119(f) before they may be heard on appeal by this Court. We do not have before us

- 4 -

however, an illegality claim, since as stated, the decision whether to grant credit for time voluntarily spent in a rehabilitative facility is left to the discretion of a trial court. *Toland*, *supra*; *Conahan*, *supra*; *Shull*, *supra*; *Mincone*, *supra*. For our present purposes, we will accept that Appellant has presented a substantial question for our review, as we have addressed these claims in the past. *See Shull*, 148 A.2d at 847 (Pa. Super. 2016) (discussing the merits of Shull's claim that the trial court erred in failing to award him credit for time spent in a rehabilitation center); *Toland*, *supra*.

When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)).

The Sentencing Code provides that a defendant shall receive credit for all time spent in custody prior to trial:

§ 9760. Credit for time served

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is

- 5 -

imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). "The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." *Fowler*, 930 A.2d at 595.

The easiest application of [42 Pa.C.S.A. § 9760(1)] is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where [the defendant] spent time [somewhere other] than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.

*Id.* at 595–96 (quotation omitted).

In *Toland* we discussed how precedent distinguishes voluntary from court-ordered pretrial, inpatient admissions when inquiring into whether credit for time served should be granted or denied, explaining:

Looking at these cases together, therefore, it seems that whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.*, as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. [*Commonwealth v. Cozzone*, 593 A.2d 860 (Pa. Super. 1991)]. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court. [*Conahan*, *supra*]. *See also* [*Mincone*, *supra*] (trial court may exercise its discretion in

determining whether to grant defendant credit towards his mandatory minimum sentence of imprisonment for time voluntarily spent at . . . an institutionalized rehabilitation facility) (discussing **Conahan**, **supra**).

**Toland**, 995 A.2d at 1250–51.

Here, the trial court determined, and Appellant does not contest, that Appellant **voluntarily** admitted herself into rehabilitation. **See** Trial Court Opinion, 10/14/20, at 1-2; **Anders** Brief at 6. Given this finding, and in light of the authorities cited above, we decline to find the trial court abused its discretion in refusing to credit time served for time she spent in voluntary rehabilitation. **Toland**, **supra**; **Shull**, **supra**.

Appellant next argues the trial court abused its discretion in not allowing Appellant to serve the remainder of her sentence in a rehabilitation facility.

The trial court, which had the benefit of the presentence investigation report, and sentenced her within the standard range of the sentencing guidelines, addressed this matter at the time of sentencing. In essence, the trial court declined Appellant's request to serve the remainder of her sentence in a rehabilitation facility because she was not "taking [her predicament] seriously, . . . because she continues to com[m]it crimes . . ., [and because] she performed poorly on supervised bail." N.T. Sentencing, 7/9/20, at 6-8. Given that the sentencing court imposed a standard-range sentence with the benefit of a presentence report, and that the trial court provided ample reasons for not granting Appellant's request to serve the

remainder of her sentence in a rehabilitation facility, we will not disturb the trial court's exercise of discretion. **Bowen**, **supra**.

We have conducted an independent review of the record and have addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issues Appellant seeks to litigate in this appeal are without merit, and our independent review of the record has not revealed any other meritorious issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2021