J-A11012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE VANDERDYS CUBERO | : | |
| | : | |
| Appellant | : | No. 1672 EDA 2021 |

Appeal from the Judgment of Sentence October 25, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003159-2018

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                                    **FILED MAY 10, 2022**

Jose Vanderdys Cubero[1] appeals *nunc pro tunc* from the judgment of sentence of forty to eighty months of incarceration imposed after a jury convicted him of drug-related offenses.  We affirm.

Appellant's convictions stem from his delivery of heroin to Corey McDowell.  As the trial court summarized:

> Detective Gregory Huff testified that he was conducting surveillance around the 500 block of Broadway in Bethlehem on August 27, 2018.  At approximately 11:20 a.m., Detective Huff saw [Appellant] pacing back and forth outside his home at 537 Broadway while talking on a cellphone.  Detective Huff then observed [Appellant] and McDowell meet.  The two men walked down the street, and [Appellant] removed a small item from his underwear and handed it to McDowell.  McDowell placed the object

_____

[1] Appellant is referred to in the trial court filings alternatively as Jose Vangerdys, Jose Cubero-Vanderdys, Jose Vanderdys-Cubero, and Jose Vanderdys Cubero.  We use the caption appearing on Appellant's notice of appeal.

in the right coin pocket of his pants and walked away, while [Appellant] returned to his home. Detective Huff continued observing McDowell walk away until he was stopped by two uniformed officers. The officers discovered a packet of heroin in the right coin pocket of McDowell's pants. After a search warrant was obtained, heroin was also found in [Appellant]'s home. At trial, [Appellant] admitted that on the date of his arrest he had heroin in his home and that he had used some. Finally, Detective Huff credibly testified that when [Appellant] was informed of the charges being brought against him, [Appellant] stated that he could not be charged with delivery because he had not accepted any money from McDowell but, rather, had just handed him the heroin that day.

. . . .

McDowell pleaded guilty to receiving and possessing the packet of heroin that was the basis for charging [Appellant] with delivery of heroin in this case. . . . Despite his guilty plea and the oral admissions he previously made to police, McDowell told the Assistant District Attorney that he was reluctant to testify truthfully against [Appellant] at trial. The Assistant District Attorney informed the court that if McDowell denied his involvement in the transaction, she would impeach him with recordings of phone calls he made from the prison in which he discussed lying at trial. The Commonwealth was also prepared to call the affiant to further impeach McDowell if necessary. At the suggestion of the defense, the Assistant District Attorney advised McDowell as to the possible criminal implications of perjuring himself prior to him taking the stand. Thereafter, neither party raised an issue as to McDowell taking the stand.

During his testimony, McDowell attempted to invoke his Fifth Amendment right against self-incrimination, which the court did not permit as he had already pleaded guilty to and had been sentenced for possessing the heroin in question. Ultimately, McDowell did testify that on the date in question he received a packet of heroin from [Appellant]. McDowell also told the jury that he was telling the truth.

Trial Court Opinion, 12/1/21, at 5-6, 3-5 (citations omitted).

A jury convicted Appellant of delivery of heroin, possession of a controlled substance, and possession of drug paraphernalia, and on October 25, 2019, Appellant was sentenced as indicated above. Appellant's timely motion for reconsideration of sentence was denied by order of November 12, 2019. Appellant filed no direct appeal.

Appellant filed a timely Post Conviction Relief Act ("PCRA") petition which resulted in the reinstatement of his post-sentence and direct appeal rights. Appellant thereafter filed a post-sentence motion challenging the weight of the evidence supporting his conviction for delivery of heroin and the length of his sentence. The trial court denied Appellant's motion by order of March 23, 2021. No immediate appeal was filed, but the trial court again reinstated Appellant's direct appeal rights upon a finding that Appellant had not received notice of his right to appeal. *See* Order, 8/5/21. This appeal timely followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two questions for our consideration:

I.   Did the trial judge abuse his discretion by denying [Appellant]'s post-trial motions challenging the weight of the evidence to the charge of delivery of a controlled substance?

II.  Did the trial judge abuse his discretion by sentencing [Appellant] to the high end of the standard range thereby imposing a sentence that was inconsistent with the sentencing code and contrary to the fundamental norms underlying the sentencing process?

Appellant's brief at 4 (cleaned up).

Appellant first argues that the trial court erred in denying his request for a new trial based upon the weight of the evidence. The following legal principles apply to our review:

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (cleaned up). Hence, our task is to determine whether the trial court, in ruling on Appellant's weight challenge, "abused its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will." *Id*. at 1056.

Appellant's weight-of-the-evidence argument is as follows, in its entirety:

> In the case at bar, witness McDowell had no choice but to testify to the alleged drug transaction with [Appellant] or else he would be charged with perjury. This fact is uncontroverted in the transcript. His prior statement to the police was not written or recorded. If he denied making the statement, the Commonwealth was left with no substantive evidence to convict him on the offense. If he did not recall making the statement, his testimony could have been impeached but not used as substantive evidence that the crime was committed by [Appellant]. By coercing the witness with threat of perjury, McDowell's hands were tied and he was forced to bend to the will of the Commonwealth. To do otherwise would have led to a perjury charge. As there was no

- 4 -

corroborating evidence of the drug deal, the only testimony to garner the conviction was from a polluted and corrupted source.

Appellant's brief at 13-14.

The trial court rejected Appellant's arguments for several reasons. First, it observes that McDowell "was a hostile witnesses who was a participant in the crime and was reluctant to testify," and that he "was not forced to say anything specific, but, rather, was reminded of the penalties that all witnesses face for lying under oath." Trial Court Opinion, 12/1/21, at 5. Second, contrary to Appellant's contention, McDowell's testimony was essential to the conviction. Detective Huff's testimony recounted above was itself sufficient to establish that Appellant delivered heroin to McDowell. Specifically, Detective Huff witnessed the hand-to-hand transaction and Appellant admitted to the detective that Appellant had handed heroin with heroin. *See id*. at 5-6 (citing N.T. Trial, 9/3/19, at 47-48, 72).

Appellant does not attack the trial court's reasoning, but merely suggests that this Court weigh the evidence differently. That is not our task. Appellant has failed to articulate how the trial court "abused its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will," *Clay*, *supra* at 1056. Therefore, no relief is due.

In his second issue, Appellant seeks to challenge the discretionary aspects of his sentence. Specifically, Appellant contends that the trial court "imposed a purely punitive sentence" without considering any other standards

applicable to sentencing such as the history and characteristics of Appellant and his rehabilitative needs. **See** Appellant's brief at 11. The following legal principles govern our consideration of his claim:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Lucky**, 229 A.3d 657, 663-64 (Pa.Super. 2020) (internal quotation marks omitted).

Appellant filed a timely *nunc pro tunc* notice of appeal and preserved the issues in his *nunc pro tunc* post-sentence motion seeking reconsideration of his sentence and brief in support thereof, as well as in his Pa.R.A.P. 2119(f). statement of reasons relied upon for his challenge to the discretionary aspects of his sentence.[2] Further, we conclude that Appellant has presented a

---

[2] In addition to the complaints listed *supra*, Appellant in his Rule 2119(f) statement also claims that the trial court failed to comply with its duty to offer a contemporaneous statement of reasons for the sentence imposed. **See** Appellant's brief at 11. However, that claim was not raised at the sentencing hearing or in Appellant's post-sentence motion. As the issue does not implicate the legality of Appellant's sentence, **see Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa.Super. 2007), it is waivable. Since Appellant did not preserve it for our review, we do not consider it.

substantial question warranting our review. ***See***, ***e.g.***, ***Commonwealth v. Derrickson***, 242 A.3d 667, 680 (Pa.Super. 2020) (finding substantial question presented by claim that the sentence was based solely on the seriousness of the crime without consideration of all relevant factors). Accordingly, we proceed to review the merits of Appellant's sentencing challenge.

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Hence, we review the sentencing court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

While its discretion is broad, "the trial court's discretion is not unfettered." ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent

with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Hill**, 210 A.3d 1104, 1117 (Pa.Super. 2019) (cleaned up). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Id**.

Appellant's complaint that his sentence is excessive is based largely upon case law concerning the particular importance of a court's express consideration of mitigating factors when it chooses to sentence outside of the recommended guideline ranges. **See** Appellant's brief at 17-20. He ignores the fact that, although the Commonwealth advocated for consecutive sentences, the trial court gave Appellant concurrent sentences that are not only within the guidelines, but within the standard range for a defendant with as high a prior record score as Appellant. **See** N.T. Sentencing, 10/25/19, at 2-3.

Additionally, the court had the benefit of a PSI report. **See** N.T. Trial, 9/4/19, at 90 (ordering a partial presentence investigation report).[3] Appellant opted not to exercise his right to allocution at the sentencing hearing or otherwise present any additional mitigating evidence. Indeed, given that Appellant was already facing an additional two to three years for violating his parole by committing these crimes, his only request at sentencing was for the concurrent sentencing scheme that he ended up receiving. **See** N.T. Sentencing, 10/25/19, at 3.

Stated plainly, Appellant has failed to present us with any preserved claim that suggests that the trial court's decision to give him a volume discount for his distinct drug offenses by imposing concurrent sentences within the standard range, for crimes committed while Appellant was on parole from another offense, was manifestly reasonable or based upon "partiality, prejudice, bias or ill will." **Antidormi**, **supra** at 760 . Therefore, we do not disturb the trial court's exercise of its sentencing discretion.

_____

[3] The trial court indicated that it required only Appellant's "prior criminal history and the correct guidelines for the case if neither side is asking for a full pre-sentence investigation report." N.T. Trial, 9/4/19, at 90. Appellant's counsel responded, "That's fine, judge." **Id**. at 91. Therefore, while the Commonwealth suggests that Appellant's claim regarding the lack of a full PSI has merit, **see** Commonwealth's brief at 10, we disagree. Appellant waived the claim of error when he not only failed to object, but expressly agreed to the truncated investigation. **Cf. Commonwealth v. Tejada**, 161 A.3d 313, 321 (Pa.Super. 2017) (vacating the sentence and remanding for resentencing where, "[f]ollowing Appellant's objection to the lack of a PSI report, the court immediately imposed sentence with no further discussion or input from the parties").

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2022